UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

RAYMOND L. SEMLER,

Plaintiff,

v.

JOHN P. DRENNAN, former Chief of Police for Crosby Police Department, RICK KOOP, Chief Investigator for Crosby Police Department, and MARY ALICE NORDIN,

Defendants.

Civil No. 11-2929 (JNE/LIB)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The case has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

Plaintiff's current lawsuit stems from an incident that occurred more than fifteen years ago. Plaintiff alleges that "[o]n July 25, 1996, Defendant Mary Alice Nordin reported an alleged sexual assault to the Crosby [Minnesota] Police." (Complaint, [Docket No. 1], p. 4, ¶ 11.) The alleged offense was investigated by Defendant Rick Koop, who is identified as the "Chief Investigator" for the Crosby Police Department.

Defendant Nordin allegedly did not know the person who had assaulted her, and she was not able to provide the license plate number of the truck that was used by her attacker. However, Defendant Koop allegedly directed Nordin's attention to Plaintiff, and with Koop's assistance, Nordin tentatively identified Plaintiff's truck as the one used by her attacker, and she identified Plaintiff as the attacker. (Id., p. 4, ¶ 11.)

Defendant John P. Drennan, the Crosby Police Chief arrested Plaintiff at his parents' home, (id., p. 4, ¶ 10), and he was charged with criminal sexual conduct and kidnapping, (id., p. 5, ¶ 13). A jury trial on those charges was held in Crow Wing County, Minnesota, in March 1997. Plaintiff was found guilty of fourth degree criminal sexual conduct, and felony kidnapping, (id., p. 5, ¶ 14), and he was sent to prison. Based on Plaintiff's current address, (the Minnesota Sex Offender Program in Moose Lake, Minnesota), it appears that he has completed his prison sentence, and he is now detained as a civilly committed sex offender. See In re Civil Commitment of Semler, No. A06–2213 (Minn.App.2007), 2007 WL 969081 (unpublished opinion), rev. denied, May 30, 2007.

In the present case, Plaintiff is attempting to sue Defendants Nordin, Koop, and Drennan, for allegedly violating his federal constitutional rights back in July 1996. He also is attempting to sue Defendants for malicious prosecution. Plaintiff accuses Nordin of "making a false police report of an alleged sexual assault, misidentifying plaintiff" as her attacker, and "provid[ing] false testimony to Defendant Koop." (Complaint, p. 3, ¶ 9; p. 4, ¶ 11.) Defendants Koop and Drennan allegedly failed to "investigate the alleged sexual assault reported by Nordin," and failed to take Nordin to the hospital "for a sexual assault kit." (Id., p. 5, ¶ 12.) It is further alleged that "Drennan and Koop never performed any DNA testing on plaintiff, nor on the alleged victim." (Id., p. 5, ¶ 15.)

Citing Drennan's and Koop's allegedly inadequate investigation, Plaintiff claims that those two Defendants "lacked probable cause to arrest and charge plaintiff with criminal sexual conduct against defendant Nordin." (Id., p. 7, ¶ 18.) Although Plaintiff disavows any allegation of a conspiratorial "agreement" between Defendants, he does allege that the three Defendants "acted jointly and together," and "[b]ecause of this joint participation, all named defendants violated plaintiff's Fourth and Fourteenth Amendment right to be free from illegal search and seizure, unlawful arrest, false imprisonment, and deprivation of liberty without due process of law." (Id., pp. 4-5, ¶ 12.)[1]

Plaintiff states in his complaint "that he is not challenging his criminal conviction or his civil commitment in this lawsuit." (Id., p. 8, ¶ 20.) However, he also repeatedly states

---

[1] Plaintiff's complaint conveniently omits certain critical facts reported by the Minnesota Court of Appeals, which show that there clearly was probable cause to support his arrest, and there was ample evidence to support his conviction. The Court of Appeals described the facts of the case as follows:

> "On July 25, 1996, M.N. [presumably Defendant Nordin] was biking up a hill when she noticed a blue truck pass her in the opposite direction. As M.N. started her descent, the truck began circling her and then appeared to drive away. When M.N. reached the bottom of the hill, she noticed a man standing in the middle of the road whom she later identified as the driver of the truck. She tried to swerve around him, but he stepped in front of her and pulled her off the bike. The man put his arm around her waist and grabbed her breast.
>
> Seconds later, Michael Strey came riding along on a three-wheeler. When the driver saw Strey, he released M.N. and walked away. M.N. immediately ran up to Strey and told him that she needed help. Strey asked her if she knew the man who attacked her, and she said she did not. <u>Strey said he had known the man from church and identified him as Semler</u>, [i.e., Plaintiff]."

<u>State v. Semler</u>, No. C7-97-1686 (Minn.App. 1998), 1998 WL 422187 at *1 (unpublished opinion), (emphasis added), <u>rev</u>. <u>denied</u>, Sept. 22, 1998. Thus, an eyewitness to the crime, <u>who knew Plaintiff</u>, identified him as the person who assaulted Nordin.

that Defendants' alleged violations of his constitutional rights caused him to be "wrongfully convicted." (Id., p. 3, ¶ 9; p. 6, ¶ 16; p. 7, ¶ 19; p. 7, ¶ 20; p. 8, ¶ 23.)

Plaintiff is seeking a judgment awarding him "compensatory damages in amounts of $750,000.00 per defendant, and $1,000,000.00 in punitive damages per defendant." (Id., p. 8, § V. C.)

**II. DISCUSSION**

An IFP application will be denied, and the action will be dismissed, when a plaintiff has filed a complaint that fails to state a cause of action on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

In this case, Plaintiff has failed to state a cause of action, because his claims are barred by the principles discussed in Heck v. Humphey, 512 U.S. 477 (1994). In Heck, the Supreme Court re-affirmed the longstanding rule that prohibits an individual from challenging a state criminal conviction in a federal civil rights action. According to Heck –

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid..., [a civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.... [T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."

Id. at 486-87 (footnote omitted; emphasis added).

According to Heck, habeas corpus is the exclusive means by which a person convicted of a state criminal offense can challenge the validity of his conviction in federal

court. Even when a plaintiff demands only money damages, he cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement." Heck, 512 U.S. at 483. See also Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996) ("Heck requires favorable termination of the [criminal] action in an authorized state tribunal or a federal habeas corpus court, even if the [civil] claim is for damages rather than earlier release").

Here, a judgment in Plaintiff's favor would necessarily imply that his 1997 criminal conviction was invalid. Plaintiff claims that Defendants repeatedly violated his constitutional rights during the course of events that culminated in his conviction, and he repeatedly avers that Defendants' allegedly unconstitutional acts and omissions caused him to be "wrongfully convicted." It is therefore clear that if Plaintiff's current claims for relief were to be vindicated in his present lawsuit, his state criminal conviction would be effectively invalidated. Even though Plaintiff is not specifically asking the federal court to set aside his 1997 state conviction and sentence, a judgment in his favor here certainly would cast doubt on the legal validity of that conviction and sentence. Therefore, Plaintiff's current lawsuit is barred by Heck. See Gautreaux v. Sanders, 395 Fed.Appx. 311, 312 (8th Cir. 2010) (unpublished opinion) (Heck barred civil rights claims based on allegations of an invalid arrest warrant and alteration of records used to secure claimant's criminal conviction); Williams v. Schario, 93 F.3d 527, 529 (8th Cir.1996) (per curiam) (Heck barred claims of false testimony and malicious prosecution, which, if vindicated, would have implied that claimant's criminal conviction was invalid); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir.1996) (per curiam) (Heck barred claims that police officers lacked probable cause for arrest and brought unfounded criminal charges).

According to Heck, the present action is premature. Plaintiff cannot maintain a civil rights action seeking damages for the alleged deprivation of his constitutional rights during his state criminal proceedings, without first securing a court order specifically invalidating his conviction in that case.[2] In other words, Plaintiff must successfully challenge the conviction itself, in a legally appropriate forum and manner, before he can seek a civil judgment based on any allegedly unconstitutional actions underlying his conviction and sentence. Because Plaintiff's conviction has not yet been invalidated, his current complaint fails to state a cause of action on which relief can be granted.

As noted above, habeas corpus is the exclusive federal court remedy for challenging the validity of a state criminal conviction. The Court has considered whether Plaintiff's current pleading could somehow be construed to be a habeas corpus petition and entertained as such. That cannot be done, however, for at least three reasons. First, it appears that Plaintiff has completed the sentence imposed for his 1997 criminal conviction, so he cannot satisfy the "in custody" requirement imposed by 28 U.S.C. § 2254(a). See Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam) (federal habeas statute requires that a "habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed"). Second, Petitioner has already applied for federal habeas review of his 1997 state criminal conviction and sentence,[3] and he cannot do so again

---

[2] Any common law tort claim for "malicious prosecution" is also premature. See Heck, 512 U.S. at 484 ("[o]ne element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused").

[3] Petitioner filed a § 2254 habeas corpus petition in this District earlier this year. See Semler v. Jesson, Civil No. 11-854 (JNE/LIB). That case was summarily dismissed with prejudice due to untimeliness. Petitioner has filed an appeal in that case which is currently pending in the Eighth Circuit.

without pre-approval from the Eighth Circuit Court of Appeals. See 28 U.S.C. § 2244(b). Third, the one-year statute of limitations for seeking federal habeas review expired long ago. See 28 U.S.C. § 2244(d)(1).

The fact that Plaintiff is not currently eligible for federal habeas review of his 1997 conviction and sentence does not cause Heck to be inapplicable. Even though Plaintiff is ineligible for federal habeas corpus relief under 28 U.S.C. § 2254, his present lawsuit is still barred by Heck. See Entzi v. Redmann, 485 F.3d 998, 1003 (8th Cir. 2007) ("'the principle barring collateral attacks – a longstanding and deeply rooted feature of both the common law and our own jurisprudence – is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated'"), cert denied, 552 U.S. 1285 (2008), quoting Heck, 512 U.S. at 490 n. 10; see also Abdullah v. Minnesota, 261 Fed.Appx. 926, 927, (8th Cir. 2008), (claimant's "inability to obtain habeas relief does not preclude application of Heck").[4]

Finally, this case must be dismissed without prejudice so that Plaintiff will still be able

[4] Other federal circuit courts have held that, at least under some circumstances, Heck may not be applicable when a civil rights claimant is indirectly challenging a state criminal conviction that is no longer subject to federal habeas review. See e.g., Wilson v. Johnson, 535 F.3d 262, 267 (4th Cir. 2008) ("'[t]he better view, then, is that a former prisoner, no longer 'in custody,' may bring a § 1983 action establishing the unconstitutionality of a conviction or confinement without being bound to satisfy a favorable-termination requirement that it would be impossible as a matter of law for him to satisfy'") (quoting Spencer v. Kemna, 535 U.S. 1, 21 (1998) (Souter, J., concurring)). However, this Court obviously must follow the Eighth Circuit's ruling in Entzi – i.e., even if a claimant is no longer eligible for federal habeas review of the conviction at issue, Heck's "favorable termination" requirement still applies. See Clark v. McLean County, No. 1:08-cv-75 (D.N.D. 2008), 2008 WL 5236036 at *10 ("there is a split in the federal circuit courts in terms of whether the bar imposed by Heck's 'favorable termination rule' applies when a person is not in custody and habeas relief is no longer available," but a district court within the Eighth Circuit is bound to follow Entzi).

to pursue his present civil rights claims if his 1997 state criminal conviction is ever overturned. Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995). Plaintiff's current civil rights claims will become ripe, and the statute of limitations for bringing those claims will begin to run, only when the conviction at issue is vacated. See Heck, 512 U.S. at 489-90 ("Under our analysis the statute of limitations poses no difficulty..., since the § 1983 claim has not yet arisen. Just as a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor,... so also a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.").[5]

In sum, the Court concludes, based on Heck, that Plaintiff has failed to state a cause of action on which relief can be granted. The Court will therefore recommend that this action be summarily dismissed without prejudice, and that Plaintiff's IFP application be denied, pursuant to § 1915(e)(2)(B)(ii).

RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

---

[5] Ironically, if this action were not barred by Heck, it would undoubtedly be dismissed with prejudice due to untimeliness. If Plaintiff's current claims were not Heck-barred, the statute of limitations would have begun to run when Defendants' allegedly unconstitutional misconduct occurred, which was in 1996. See Johnson v. Johnson County Com'n Bd., 925 F.2d 1299, 1301 (10th Cir. 1991) ("[c]laims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur"). The applicable statute of limitations for § 1983 claims brought in Minnesota is six years. Egerdahl v. Hibbing Community College, 72 F.3d 615, 618, n. 3 (8th Cir. 1995). Therefore, if not for Heck, the statute of limitations for Plaintiff's current § 1983 claims would have begun to run in 1996, and those claims would now be time-barred by the six-year statute of limitations.

1. Plaintiff's application for leave to proceed in forma pauperis (Docket No. 2), be DENIED; and

2. This action be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: October 17, 2011

s/Leo I. Bribois
LEO I. BRISBOIS
United States Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by October 31, 2011**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.